**Ray D. GODFREY, Plaintiff,**

v.

**Abraham A. RIBICOFF, as Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 2761.**

United States District Court
W. D. South Carolina,
Greenville Division.

June 9, 1962.

T. David Sloan, Jr., Laurens, S. C., for plaintiff.

John C. Williams, U. S. Atty., Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

MARTIN, District Judge.

This is a petition pursuant to Section 405(g) of Title 42 U.S.C.A., to review a final decision by the Secretary denying disability benefits under the Social Security Act. Plaintiff filed an application to establish a period of disability on September 18, 1956, and an application for disability benefits on November 7, 1958.

The action originally came before the Honorable C. C. Wyche, United States District Judge for the Western District of South Carolina, who, upon a motion by the plaintiff, remanded the case by Order dated December 22, 1960, to the Secretary for the purpose of taking additional evidence. Additional evidence was submitted and a supplemental decision by the Secretary was filed, again denying insurance benefits. Plaintiff has exhausted his administrative remedies.

The question presented is whether there is substantial evidence in the record to sustain the Secretary's decision that the plaintiff was not disabled within the meaning of the act beginning on or prior to March 31, 1955.

In order to be eligible for a period of disability and for disability insurance benefits under the act, the plaintiff must

have had sufficient earning for social security credits in at least twenty of the forty-quarter period ending with the quarter in which he became disabled. Sections 416(i) (3) and 423(c), Title 42 U.S.C.A., respectively. The plaintiff last met this eligibility requirement on March 31, 1955, and he must establish, therefore, that he became disabled on or before that date.

The plaintiff was born in 1902. He has very little formal education, completing the sixth grade in school and has no other training of any type. During his life, the plaintiff has worked in a number of unskilled jobs, including jobs as a field hand, a grocery store clerk, a laundry machine operator, a truck driver and as a cloth cutter. He was employed by the Regal Textile Company for a number of years and during that time worked at a number of the jobs listed above, including the work as a cloth cutter which he held from 1948 until 1951 and from April 1954 until October 1954. The plaintiff was unemployed in 1951, 1952, 1955 and 1956. In 1957 he operated a meat market in partnership with Mr. W. B. O'Dell for a short time. In August 1957, the plaintiff obtained employment as a grocery store clerk from Mr. C. H. Hall in Ware Shoals, South Carolina, and continued in this employment until November 1958.

The plaintiff's earnings record shows that the plaintiff's annual earnings averaged $1,080.16 between the years 1937 and 1947, inclusive. The plaintiff earned the largest amount in 1946 when his annual earnings amounted to $1,552.-78. In 1948 the plaintiff earned $641.10; in 1949 he earned $291.58; in 1950 he earned $738.45; in 1951 he earned $460.-07; in 1954 he earned $1,345.51; in 1957 he earned $734.00; and in 1958 he earned $1,355.00.

The record does not clearly show when the plaintiff feels that he became disabled. The plaintiff's application filed on November 7, 1958, shows that the plaintiff stated at that time that he became disabled "about three years ago."

The record contains numerous reports and records relating to the plaintiff's ailments. An analysis of this medical evidence reveals that the plaintiff underwent surgery in 1947 for ulcers at which time a gastroenterostomy (surgical creation of an artificial passage between the stomach and intestines) was performed. In 1954 the plaintiff had further trouble with ulcers and was admitted to the Self Memorial Hospital on two occasions during that year for treatment. During the last hospitalization, from November 1, 1954, through November 16, 1954, a partial gastrectomy (excision of a large part of the stomach) was performed. As a result of the loss of a large part of his stomach (80–85 per cent) the plaintiff suffers from dumping syndrome. This term signifies the occurrence of sweating, warmth, flushing, nausea, palpitation and faintness which develop shortly after ingesting a meal. The condition is relieved by lying down. The plaintiff also has involuntary bowel movements from time to time and has gas on his stomach. He also suffers from a mild diabetic condition.

It is certain that the plaintiff was not disabled during the period from August 1957 through November 1958 since he was employed during that time, and in fact earned more during that period than he ever earned in a like period in his life. Whether the plaintiff became disabled subsequent to November 1958 is not important because the plaintiff demonstrated by his action that he was not disabled subsequent to the last date (March 31, 1955) on which he met the eligibility requirements under the act.

The decision of the Secretary must be affirmed, and

It is so ordered. Let judgment be entered accordingly.